UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:19-cr-00377-JRS-MJD |
| ELZA LEE HOOKS, | ) ) ) | -01 |
| Defendant. | ) | |

## Order on Sentence Reduction

Elza Hooks was convicted of Possession with Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and sentenced to 57 months' imprisonment. Now before the Court is Hooks' Motion to reduce his sentence under 18 U.S.C. § 3582, USSG § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (ECF No. 63.)

### I.    Legal Standard

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at USSG § 1B1.10 provides that the Court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. Those amendments are set forth in § 1B1.10(d). Relevant here is Amendment 821, Part B, Subpart 1, "Adjustment for Certain Zero-Point Offenders," which grants a two-level reduction to defendants who meet the ten criteria listed at USSG § 4C1.1(a)(1)–(10). The Court is directed to

consider the 18 U.S.C. § 3553(a) statutory factors in deciding whether and how to reduce a sentence. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10, comment. (n.1(B)).

## II. Discussion

There is no dispute that Hooks meets the USSG § 4C1.1(a)(1)–(10) criteria, which would have earned him a two-level reduction, so bringing his offense level from 25 to 23 and reducing the applicable guideline range of imprisonment from 57–71 months to 46–57 months. Thus the Court "may reduce" Hooks' sentence to reflect the new, lower range, if a modified sentence comports with the 18 U.S.C. § 3553(a) factors. USSG § 1B1.10; 18 U.S.C. § 3582(c)(2).

The Court, considering those factors, finds no modification appropriate here. The Court notes that the imposed sentence of 57 months is within the new guidelines range. 18 U.S.C. § 3553(a)(4)(A); *Rita v. United States*, 551 U.S. 338, 351 (2007) (appellate court may presume within-guideline sentence is reasonable). The application notes to the new zero-point offender reduction suggest an upward departure "may be warranted" if the adjustment "substantially underrepresents the seriousness of the defendant's criminal history." USSG § 4C1.1, comment. (n.2). While an "upward departure" is not necessary, a sentence at the top of the new range is appropriate. Hooks' criminal history is lengthy—he had eleven separate convictions on his record at the time of sentencing, some of which are minor, but some of which, like drug trafficking and sexual battery, are quite serious. And though those convictions were old enough not to yield criminal history points here, Hooks also had pending charges for domestic battery and theft. Had the timing been

different, Hooks would not have qualified for the reduction. In any event, for purposes of sentencing, the court may consider underlying conduct "in arrest records where there is a sufficient factual basis for the court to conclude that the conduct actually occurred." *United States v. Guajardo-Martinez*, 635 F.3d 1056, 1059 (7th Cir. 2011) (explaining Court's wide discretion under 18 U.S.C. § 3661 to consider defendant's background at sentencing). Here, in light of the timed-out but still relevant prior convictions, the Court need not even consider the pending charges.

The Court considers, as it did before, the seriousness of the offense. 18 U.S.C. § 3553(a)(2)(A). Drug trafficking is a serious offense that causes substantial harm to our community; Congress considers it so serious that it dictates a 10-year minimum sentence—unless, as here, the defendant qualifies for a statutory safety valve. The Court notes that Hooks' drug activities were not a one-time event but occurred on at least four occasions in the same year. (Stipulated Factual Basis 6, ECF No. 45.) That persistence in criminal conduct also justifies a sentence imposed to provide specific deterrence, 18 U.S.C. § 3553(a)(2)(B), and to protect the public from the harm of continued drug trafficking, 18 U.S.C. § 3553(a)(2)(C). While Hooks' prior conviction for drug trafficking has timed out for purposes of criminal history points, it is relevant to consider its similarity to the instant conduct of conviction under the 3553(a) factors.

The Court also looks to "post-sentencing conduct." USSG § 1B1.10, comment. (n.1(B)(iii)). Hooks has two incidents on his prison disciplinary record, (ECF No. 63-2), and his conduct is described as "average," (ECF No. 63-1). *See Pepper v. United*

3

*States*, 562 U.S. 476, 492 (2011) (quoting *United States v. Bryson*, 229 F.3d 425, 426 (2d Cir. 2000) (per curiam)) (proper consideration of § 3553(a) factors requires Court to "sentence the defendant as he stands . . . on the day of sentencing.").

Finally, Hooks suggests that other defendants in similar circumstances have received the benefit of a sentence reduction under USSG § 1B1.10. While the Court seeks to avoid "unwarranted" sentence disparities, 18 U.S.C. § 3553(a)(6), the defendants in the cases Hooks cites have different records and were convicted for different conduct. Hooks' co-defendant Garcia, for instance, did not repeatedly distribute drugs, nor did he have the same history of criminal conduct and pending charges. *See Guajardo-Martinez*, 635 F.3d at 1059–60. Garcia's sentence after reduction was 53 months; Hooks' somewhat lengthier sentence is appropriate in comparison.

### III. Conclusion

The Court finds, after consideration of the statutory factors, that the imposed sentence of 57 months remains appropriate as sufficient but not greater than necessary to meet the purposes set forth in 18 U.S.C. § 3553(a). Hooks' Motion for a reduced sentence, (ECF No. 63), is **denied.**

**SO ORDERED.**

Date: 02/21/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

Jonathan A. Bont
PAGANELLI LAW GROUP
jbont@fbtlaw.com

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Colin Clark
United States Attorney's Office, Indiana Southern Distr
Colin.Clark@usdoj.gov

Jacob Leon
Indiana Federal Community Defenders
Jacob_Leon@fd.org